ALFRED L. M. BULLOWA, ARTHUR M. BULLOWA and
ERNEST E. M. BULLOWA

*v.*

DOMINICO ORGO and MICHAEL BILANCIA.

[Decided October 28th, 1898.    Filed June 10th, 1899.

1. An oral agreement to make sales on commission, and to guarantee payment, is not within the statute of frauds ; and this, though the precise amount to be received for guaranteeing the sales, as distinguished from commissions for making them, does not appear.

2. Where the surety in a mercantile collector's bond acknowledged himself indebted in a certain sum, if the collections were not accounted for, his debt became fixed on default of the principal to an amount in excess of the bond.

3. An equitable mortgage by deposit of title deeds may be created to secure the debt of a third person.

4. A deposit of title deeds constitutes an equitable mortgage, though accompanied with an agreement to execute a legal mortgage.

5. Defendants cannot complain that the action should be at law, where complainant seeks to foreclose an equitable mortgage given by one defendant to secure a sum due from the other.

On demurrer.

The defendants, Orgo and Bilancia, file separate demurrers to the bill.    The pleading by way of demurrer by Orgo is followed by an answer which traverses the allegations of the bill.

The facts set out by the bill, and admitted by the demurrers, are these :  The complainants are merchants, dealers in flour and meal, and on the 20th of February, 1894, entered into an oral agreement with the defendant Orgo, by which Orgo undertook to make sales, on commission, of goods of the complainants, and to guarantee the sales, and had authority to make collections.    It was a part of the agreement that Orgo should give security for the faithful performance of the contract on his part.    To that end the defendant Bilancia, on the 21st of February, 1894, executed and delivered to the complainants, a bond in the penal

sum of $1,000, upon condition, after reciting the contract between Orgo and the complainants, that Bilancia should indemnify and save harmless the complainants from all loss by reason of the employment of Orgo, and that Orgo should pay complainants all moneys due and to become due upon sales made by him, and all moneys collected by him on account thereof. Afterwards, on the 11th of January, 1895, the employment still continuing, Bilancia entered into another bond to the complainants in the penal sum of $2,000, with a like condition in all respects.  Shortly after the making of the first bond—February, 1894—Orgo entered upon his employment and made sales of merchandise, and continued making such sales long after the giving of the second bond, amounting in the aggregate to $14,838.67, and collected from purchasers and accounted to complainants for sums of money amounting in the aggregate to $11,608.17 and no more; he was entitled to credit for commissions and other items to the amount of $1,208.61, leaving a balance due of $2,021.89, which amount is still due and owing. A statement of the account showing that balance was furnished to Orgo and also to Bilancia, and they were requested to pay it, and have failed to do so.

Further: the complainants had interviews with Orgo and Bilancia with a view of procuring a settlement, and then threatened suit unless the defendants would either pay or secure the amount due.   Thereupon, Bilancia told the complainants, through their agent, that he was willing to secure them the payment of the money due, and offered to give a second mortgage upon a house and lot owned by him, situate in the city of Newark, the description of which is set out at length.   It was finally agreed between the complainants' agent and Bilancia, that Bilancia should deposit with the complainants' agent the title deed or deed for the house and lot, in pledge for the payment of the moneys actually due from Orgo to complainants, until a formal mortgage should be executed by Bilancia and his wife to complainants upon the premises, to secure the complainants the payment of the amount found to be actually due and owing by Orgo, and as security for the execution of a mortgage, and an appoint-

ment was made to meet at a certain time and place for the pur-pose of having the mortgage executed; and in consideration of the pledge and deposit of the title deeds as security for the pay-ment of the amount, the complainants agreed to postpone suit, and did refrain from suing Bilancia on his bond. In pursuance of that agreement, Bilancia did deposit with the complainants' agent a deed of conveyance made to him of a certain tract of land situate in the city of Newark set out by description in the bill. Several meetings by appointment were had for the purpose of finally settling the matter and for the execution of the mortgage, and finally a further time was fixed for such execution, to wit, Octo-ber 28th, 1895, and preliminary to that meeting it was agreed that the complainants' agent should hold the title deed so deposited as security and pledge for the money then due complain-ants, and until the final execution and delivery of the contem-plated mortgage. Complainants appeared at the time and place fixed, and the defendant Orgo failed to appear, and the defendant Bilancia refused to execute and deliver the mortgage as he had agreed to do, and demanded the return of the title deed, but the complainants' solicitor refused to deliver it up, and still retains the possession thereof.

The bill alleges that such deposit amounts, in equity, to a mortgage.

The bill further alleges that if it should become necessary to take and state an account between the complainants and Orgo of his dealings, that the account will be involved and of con-siderable amount, and can be better and more expeditiously taken in this court; and prays that Orgo may be decreed to account to complainants for the balance due and owing to them under and by virtue of the agreement, and that the premises described in the deed may be decreed to be subject to a lien and encum-brance to the extent of the amount found to be due from Orgo, and may be sold to pay and satisfy the same.

*Mr. Herbert Boggs*, for the complainants.

*Mr. Ernest V. A. Belfatto* and *Mr. James M. Trimble*, for the demurrants.

Bullowa v. Orgo.

PITNEY, V. C.

The first point raised by the demurrers is that the agreement of Orgo to guarantee the sales made by him on account of the complainants, is void under the statute of frauds, because not in writing. But I think the law is the other way, and that the agreement was not within the statute of frauds. The bill distinctly alleges that Orgo was to receive a certain commission, agreed upon between them, as his compensation for selling and guaranteeing. · This makes the contract an original one between Orgo and the complainants in consideration of a benefit and advantage to him, Orgo, therefor. The presumption is that he received a greater commission on the sale as consideration for his guarantee than he would have received if the sales had been made without the guarantee. It is quite unnecessary that the precise amount which he received on account of his contract of guarantee, as distinguished from his services in making sales, should appear. He was, in fact, to receive a consideration, and that consideration is the basis of his promise to guarantee the debts. In fact, it was the ordinary *del credere* commission, which, as is well settled, is not within the statute of frauds.

The next point taken was that the deposit of the title deed, under the circumstances alleged in the bill, did not constitute an equitable mortgage, because the debt for which it was deposited was not the debt of Bilancia but that of Orgo.

There are two answers to this. In the first place, the allegation is that a distinct sum of money was due from Orgo to the complainants, which was covered by the conditions of the bonds. That being so, the giving of the bonds made that debt the debt of Bilancia. He acknowledged himself indebted, first in the sum of $1,000, and afterwards in the sum of $2,000, if a certain condition was not fulfilled. That condition was not fulfilled and thereby his debt became at once fixed.

In the next place, I am unable to assent to the doctrine that an equitable mortgage, by depositing title deeds, may not be created in order to secure the debt of a third person. The authorities are not so.

It was faintly argued by the demurrants that the deposit of

title deeds with an agreement to execute a legal mortgage, did not constitute an equitable mortgage.  But the authorities are the other way.  *Edge* v. *Worthington (Lord Kenyon, M. R.), 1 Cox Ch. 211,* decided in 1786 ; *Ex parte Kensington, 2 Ves. & B. 79* (at *p. 83) (Lord Eldon)* ; *Hockley* v. *Bantock, 1 Russ. 141 (Lord Gifford, M. R.)* ; *Keys* v. *Williams, 3 Younge & C. Exch. 55* (at *p. 61) (Lord Abinger, Chief Baron)* ; *In matter of Howe, 1 Paige 125* (at *p. 130) (Chancellor Walworth)* ; *1 Jones Mort.* § *163.*

No point was made on the insufficiency of the contract to execute a legal mortgage which accompanied the deposit of the title deed, on the ground that no date was fixed for the payment of the money.  In the absence of express contract, the presumption would be that the giver of the mortgage should have a reasonable time in which to pay the money, and in this state one year has become so generally the ordinary time that I think the courts ought to presume, in the absence of express contract, that one year was the time in the minds of the parties.

Another point taken by the demurrants is that the complainants have a complete remedy at law ; that as between them and Orgo their remedy is simply an action at law.  This view was attempted to be met by the complainants by an allegation in their bill that the accounts were complicated and proper for the action of a court of equity.  If the case depended upon that allegation I should doubt its sufficiency.  I am inclined to the opinion that the bill should set out more in detail the facts showing the complications which render it proper for a court of equity to intervene.  But a complete answer to the objection is that the bill is one to foreclose an equitable mortgage given by the defendant Bilancia to secure an exact sum of money alleged to be due, and admitted by the demurrers to be due, from Orgo to the complainants, and to secure which Bilancia gave his bond and afterwards the equitable mortgage on the land mentioned.

The demurrers are overruled, with costs, with leave to the defendants to answer within thirty days upon payment of costs. The answer annexed to the demurrer of Orgo may stand as his answer.